UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM JAMES GAERTNER, Jr.

    Petitioner,                                         Civil No. 05-71940-DT
                                                   HONORABLE LAWRENCE P. ZATKOFF
v.                                                        UNITED STATES DISTRICT JUDGE

CAROL HOWES,

    Respondent,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

William James Gaertner, Jr., ("petitioner"), presently confined at the Florence Crane Correctional Facility in Coldwater, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for second-degree home invasion, M.C.L.A. 750.110a(3); possession of burglary tools, M.C.L.A. 750.116; two counts of arson of a dwelling house, M.C.L.A. 750.72; and being a second felony habitual offender, M.C.L.A. 769.10. Respondent has filed a motion for summary judgment on the ground that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). Petitioner has not filed a response to the motion for summary judgment. For the reasons stated below, petitioner's application for a writ of habeas corpus is summarily dismissed.

### I.  Background

Petitioner pleaded guilty to the second-degree home invasion and possession of burglary tools and *nolo contendere* to the arson charges in the Saginaw County Circuit Court. On May 18, 2000, petitioner was sentenced to seven to thirty years in prison. Petitioner never filed a direct appeal from his conviction.

1

On September 8, 2003, petitioner filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq*. After the trial court and the Michigan Court of Appeals denied petitioner's application for post-conviction relief, state post-conviction proceedings were concluded when the Michigan Supreme Court denied petitioner's application for leave to appeal the denial of his motion for post-conviction relief on December 29, 2004. *See People v. Gaertner,* 471 Mich. 955; 690 N.W. 2d 108 (2004). The instant petition was signed and dated May 11, 2005. [1]

## II. Discussion

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F. 3d 846, 851 (6th Cir. 2000)(quoting Fed. R. Civ. P. 56(c)). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Id.* The summary judgment rule applies to habeas proceedings. *See Redmond v. Jackson,* 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on May 11, 2005, the date that it was signed and dated, despite the existence of some evidence that it may have been filed later with this Court. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, n. 1 (E.D. Mich. 2001).

>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

In the present case, petitioner was sentenced on May 18, 2000. Petitioner never filed a direct appeal from his conviction. For purposes of commencing the one year limitations period pursuant to § 2244(d)(1)(A), a state-court judgment becomes "final" when direct review by the state court ends or when the time to seek direct review expires, whichever comes later. *See Wilberger v. Carter,* 35 Fed. Appx. 111, 114 (6th Cir. 2002). Because petitioner never appealed his conviction, the one year time period for filing his habeas petition would begin to run for petitioner after the expiration of the time limit that petitioner had under Michigan law to file the direct appeal from his conviction. *See McAfee v. Angelone*, 87 F. Supp. 2d 605, 606 (W.D. Va. 2000). Under M.C.R. 7.205(F)(3), petitioner had twelve months after his sentence to file a delayed application for leave to appeal. Petitioner's conviction therefore became final on May 18, 2001, and petitioner had until May 18, 2002 to file his petition for writ of habeas corpus with this Court unless the one year period was somehow tolled.

Petitioner filed a post-conviction motion for relief from judgment on September 8, 2003, after the one year limitations period had already expired. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28

U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F. 3d 717, 718, n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F. 3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003). Therefore, petitioner's state post-conviction proceedings did not toll the running of the statute of limitations.

The one year limitations period under the AEDPA is considered a statute of limitations which is subject to equitable tolling, and is not a jurisdictional prerequisite which would bar review by the federal courts if not met. *See Dunlap v. United States*, 250 F. 3d 1001, 1004 (6th Cir. 2001). The doctrine of equitable tolling should be used "sparingly," *Dunlap,* 250 F. 3d at 1008-09, and "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition," a petitioner would fail to exercise due diligence in pursuing his claim, and thus would not be entitled to equitable tolling of the limitations period. *Id.* at p. 1010. A habeas petitioner bears the burden of establishing that he is entitled to the equitable tolling of the one year limitations period. *Jurado,* 337 F. 3d at 642.

In this case, petitioner is not entitled to equitable tolling of the one year limitations period, because he has failed to allege the existence of any extraordinary circumstances which prevented him from filing his habeas petition on time. *See Wilson v. Birkett,* 192 F. Supp. 2d 763, 766-67 (E.D. Mich. 2002).

A final question is whether the period of limitations should be equitably tolled for actual innocence. "[C]onstitutional concerns counsel in favor of upholding equitable tolling based on a credible claim of actual innocence." *Souter v. Jones*, 395 F. 3d 577, 601 (6th Cir. 2005). Petitioner pleaded guilty, and he has not submitted any new and credible evidence of actual innocence. Thus, the exception for actual innocence is not applicable.

### III. ORDER

Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244(d)(1). The Court declines to issue a certificate of appealability because reasonable jurists would not debate whether the petition states a valid claim of the denial of a constitutional right and whether the Court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

 s/Lawrence P. Zatkoff
**HON. LAWRENCE P. ZATKOFF**
UNITED STATES DISTRICT COURT

DATED: March 6, 2006